**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-22827-CV-WILLIAMS**

HONG KONG YU'EN E-COMMERCE CO. LIMITED,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A HERETO,

Defendants.
_______________________________________________/

**ORDER**

**THIS MATTER** is before the Court on United States Magistrate Judge Enjoliqué A. Lett's report and recommendation (DE 40) ("***Report***") regarding Plaintiff's Renewed Ex Parte Motion for Alternate Service of Process by E-Mail and/or Electronic Publication (DE 32) ("***Alternative Service Motion***") and Plaintiff's Second Renewed Motion for Temporary Restraining Order, Including a Temporary Asset Restraint, and Expedited Discovery (DE 33) ("***TRO Motion***"). The Report recommends that the Court grant the Alternative Service Motion and the TRO Motion. No objections to the Report were filed. Accordingly, upon an independent review of the Report, the record, and applicable case law, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 40) is **AFFIRMED AND ADOPTED**.
2. Plaintiff's Alternative Service Motion (DE 32) is **GRANTED**.

3. Plaintiff is authorized to serve copies of the Second Amended Complaint (DE 30), Summons, and all filings and discovery in this matter upon Defendant in this action:
   a. Via electronic mail by directly providing electronic copies of the Second Amended Complaint (DE 30), Summons, filings, and discovery in this matter, or by providing Defendant the URL to Plaintiff's designated website via the e-mail address provided by Defendant as part of the data related to its registration for its Online Store, including customer service e-mail addresses and onsite contact forms; and/or
   b. Via website by publicly posting a copy of the Second Amended Complaint (DE 30), Summons, and all filings and discovery in this matter on Publication Website appearing at the URL: http://blointernetenforcement.com.
4. Plaintiff's TRO Motion (DE 33) is **GRANTED**.
5. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them are temporarily enjoined and restrained from:
   a. Using or displaying Plaintiff's Trademark or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademark in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise that is not the genuine products of Plaintiff, or in any manner likely to cause others to

believe that the infringing products are connected with Plaintiff or Plaintiff's genuine products;

b. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which use Plaintiff’s Trademark;

c. Using, linking to, transferring, selling, exercising control over, or otherwise owning the user accounts associated with Plaintiff’s Trademark or using the Online Store listed in Schedule A attached to this Order or any other domain name or online marketplace account to sell products associated with Plaintiff’s Trademark or Counterfeit Products;

d. Manufacturing, distributing, promoting, or selling any labels, tags, decals, emblems, signs or other forms of markings, packaging, wrappers, containers, or promotional materials bearing Plaintiff’s Trademark or any marks that include, or are colorable imitations of or confusingly similar to, Plaintiff’s Trademark;

e. Passing off or enabling others to sell or pass off any goods that are not Plaintiff’s genuine goods as being Plaintiff’s genuine goods;

f. Falsely representing that the Defendant or the Defendant’s goods are affiliated with, connected to, or sponsored by Plaintiff;

g. Committing any acts calculated to cause consumers to believe that Defendant's goods are Plaintiff's goods;

h. Communicating in any manner with any suppliers of the Counterfeit Products or any other people involved in advertising, offering for sale, or selling the Counterfeit Products regarding the existence of this litigation, or taking any action that would have the effect of revealing to such persons that Plaintiff initiated this litigation;

i. Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion or mistake, or to deceive consumers into believing that the Defendant's goods are the goods of Plaintiff or that there is any affiliation or connection between Plaintiff or its goods and the Defendant or its goods/services, and from otherwise unfairly competing with Plaintiff;

j. Advertising, marketing, promoting, offering to sell, selling, distributing, and/or taking orders for the Counterfeit Products;

k. Fulfilling orders for, or shipping or distributing the Counterfeit Products;

l. Destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise using Plaintiff's Trademark or any marks that

include, or are colorable imitations of or confusingly similar to Plaintiff's Trademark; and

m. Defendant shall not transfer or dispose of any money or other of Defendant's assets in any of Defendant's financial accounts.

6. Plaintiff is authorized to issue expedited written discovery to Defendant, pursuant to Federal Rules of Civil Procedure 33, 34, 36, and 45 related to:

   a. The identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. The nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Store and Defendant's financial accounts, including Defendant's sales and listing history related to its respective Online Store; and

   c. Any financial accounts owned or controlled by Defendant, including its officers, agents, servants, and employees, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Temu.com ("***Temu***"), PayPal Inc. ("***PayPal***"), Alipay, ContextLogic Inc. d/b/a Wish.com ("***Wish***"), Alibaba Group Holding Ltd. ("***Alibaba***"), Ant Financial Services Group ("***Ant Financial***"), Amazon Pay, Afterpay, Klarna or other merchant

account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

7. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for the Defendant, or in connection with any of Defendant's Online Store, including, without limitation, any online marketplace platforms such as TikTok, Temu, eBay Inc., AliExpress, Alibaba, Amazon.com Inc., Wish, Dhgate, and Amazon.com (collectively the "***Third Party Providers***"), shall, within fourteen (14) calendar days after receipt of such Plaintiff's request, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person or entity's possession or control sufficient to determine:
    a. The identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;
    b. The nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Store and Defendant's financial accounts, including Defendant's sales and listing history related to its respective Online Store; and
    c. Any financial accounts owned or controlled by Defendant, including its officers, agents, servants, and employees, including such accounts residing with or under the control of any banks, savings and loan

associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA), including present balances on any accounts.

8. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a PublicDomainRegistry.com, Cloudflare Inc, Oracle Corp., Amazon Inc., Alibaba Group d/b/a Alibaba Cloud.com, Namesilo, LLC d/b/a privacuguardian.org, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

9. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the Plaintiff's Trademark.

10. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish, Afterpay, Klarna, and Amazon Pay, shall, within fourteen (14) calendar days of receipt of this Order:

a. Locate all accounts and funds connected to Defendant's seller alias, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendant by third parties; and

b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further order by this Court.

11. Within seven (7) business days of entry of this Order, Plaintiff shall deposit with the Court $5,000.00 (Five Thousand Dollars), either cash, cashier's check or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

12. Defendant may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules. Any third party impacted by this Order may move for appropriate relief.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 29th day of September, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

## SCHEDULE A

| DEFENDANT NO. | SELLER'S NAME | LINK TO SELLER'S WEBSITE |
|---|---|---|
| 1 | Forverfullst | https://www.amazon.com/sp?ie=UTF8&seller=AQB4CXWCH4X04&asin=B0DY7KVHFT&ref_=dp_merchant_link |